# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-209 |
| | ) | |
| DONALD BARROW, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Jesse Jones, an inmate at Wilcox State Prison, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Jones' petition is time-barred, as it is clear from the form application that it has not been filed within the one-year statute of limitations. (Id. at 3.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute

of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). Jones was convicted on June 4, 2003. (Doc. 1 at 3.) His state habeas petition was denied by the Superior Court of Richmond County on December 27, 2006, and a certificate of probable cause was denied by the Supreme Court of Georgia on September 10, 2007.[1] (Id. at 4.) He did not file the present petition until November 3, 2008. (Id.) Even had the statute of limitations

---

[1] Jones also reports that he filed with the Supreme Court of Georgia a motion for reconsideration of its denial of a certificate of probable cause, which itself was denied on November 5, 2007. (Doc. 1 at 4.) This motion and its denial, however, have no effect on the statute of limitations.

The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, not every post-conviction motion will toll the limitations period. In the § 2255 context, the Eleventh Circuit has held that as a motion for reconsideration of the Supreme Court's denial of a petition for certiorari review "does not affect the disposition of [the] case in the Supreme Court," there is "no reason why such a motion would toll the time for filing a § 2255 motion." Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007). Moreover, courts have concluded that certain other types of post-conviction motions do not serve to toll the one-year period for filing a § 2255 motion. See, e.g., Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001) (§ 2255 movant not entitled to equitable tolling for the period his Fed. R. Crim. P. 33 motion was pending). "Courts treat section 2254 and 2255 petitions similarly insofar as the limitations period is concerned." Jackson v. Walker, 2008 WL 4202418, at *2 (M.D. Ga. Sept. 5, 2008); see also United States v. Bendolph, 409 F.3d 155, 164 (3rd Cir. 2005) ("[B]ecause there exist sound reasons to approach the AEDPA limitations period the same under §§ 2254 and 2255, and because to do so is faithful with both Congress's intent and our habeas jurisprudence," decisions in the context of one section will also apply in claims brought under the other section.) Therefore, in the § 2254 context, a motion for the state supreme court to reconsider its denial of a certificate of probable cause is not a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." Thus it has no tolling effect.

somehow been tolled throughout the entire period between the date of the state court conviction and the date of the Georgia Supreme Court's denial of a certificate of probable cause (both a rare and a remarkable occurrence), Jones' petition still would be untimely. That is, he still would have exceeded the one-year statute of limitations by 55 days, as 420 days passed between the September 10, 2007 denial of a certificate of probable cause and Jones' November 3, 2008 filing of the current petition.

Federal district courts are empowered pursuant to Rule 4 to raise AEDPA's statute of limitation *sua sponte* and dismiss those actions that are clearly time-barred. Jackson v. Sec'y for Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging Jones' 2003 Chatham County conviction is untimely, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  8th  day of December, 2008.

s/ G. R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**